John M. Desmarais (SBN 320875)
jdesmarais@desmaraisllp.com
**DESMARAIS LLP**
101 California Street
Suite 3000
San Francisco, CA 94111
Telephone: (415) 573-1900

*Attorney for Apple Inc.*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

            Plaintiff,

       v.

HEADWATER RESEARCH LLC,

          Defendant.

Case No.

**APPLE'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 8,639,935, 9,232,403 AND 9,491,564**

**JURY TRIAL DEMANDED**

Plaintiff Apple Inc. ("Apple"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment of Non-Infringement of U.S. Patent Nos. 8,639,935 (the "'935 patent," attached as **Exhibit 1**), 9,232,403 (the "'403 patent," attached as **Exhibit 2**), and 9,491,564 (the "'564 patent," attached as **Exhibit 3**) (together, the "Patents-in-Suit"), and in support of its Complaint alleges as follows:

## NATURE OF THE ACTION

1.       This is an action for a declaratory judgment of non-infringement of the Patents-in-Suit against Defendant Headwater Research LLC ("Headwater") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 of the United States Code.

2.       Apple has been a pioneer in the design and manufacture of consumer electronics for more than four decades.  Apple's innovations have led to some of the most iconic products on the market during that time span.  For its efforts, Apple has been awarded thousands of patents by the United States Patent and Trademark Office ("USPTO"), which protect the technologies underlying Apple's groundbreaking inventions.  Apple requests this relief because Headwater claims that certain Apple products and/or services infringe the '935, '403, and '564 patents.

3.       On September 3, 2025, Google LLC ("Google") filed a Complaint for Declaratory Judgment of Non-Infringement of U.S. Patent Nos. 9,232,403 and 9,491,564 in the Northern District of California (the "Google DJ Complaint" or "Google -7453 Case").  *Google LLC v. Headwater Research LLC*, No. 5:25-cv-7453.

4.       Likely in anticipation of a declaratory judgment action by Apple, Headwater filed a complaint against Apple in the Western District of Texas on September 4, 2025, alleging that Apple's "mobile electronic devices, such as mobile phones, tablets, and wearables, and television devices, as well as servers or backend Apple or iCloud system(s)" ("Accused Instrumentalities"), in combination with the Apple Push Notification service ("APNs"), infringe the '935, '403 and '564 patents. *Headwater Research LLC v. Apple Inc.*, No. 7:25-cv-407, Dkt. 1, at 1 and ¶¶ 34, 45, 56 (W.D. Tex. September 4, 2025) (the "Apple -407 Case").  Headwater attached claim charts as exhibits 4, 5, and 6 to the Apple -407 Case complaint purportedly mapping the limitations of claim

1  29 of the '935 patent, claim 1 of the '403 patent, and claim 1 of the '564 patent to documentation

2  related to Apple's mobile phone, tablet, wearable, and television devices, as well as servers and

3  backend systems including Apple's APNs.  True and correct copies of the complaint, '935 patent

4  claim chart, '403 patent claim chart, and '564 patent claim chart in the Apple -407 Case are attached

5  as **Exhibits 4, 5, 6, and 7**.

6  　　　　5.　　For the '935 patent, Headwater maps: limitation [29pre] to Apple's User

7  Notifications,    APNs,    PushKit    framework,    and    eSIMs    (citing,    for    example,

8  https://developer.apple.com/notifications/;

9  https://developer.apple.com/documentation/usernotifications#//apple;

10 https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

11 erver/sending_notification_requests_to_apns;

12 https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

13 erver/handling_notification_responses_from_apns;

14 https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

15 erver/pushing_background_updates_to_your_app;

16 https://developer.apple.com/documentation/pushkit;

17 https://developer.apple.com/documentation/pushkit/supporting_pushkit_notifications_in_your_a

18 pp;

19 https://developer.apple.com/documentation/pushkit/responding_to_voip_notifications_from_pus

20 hkit;                                                        https://support.apple.com/en-

21 us/118669:https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_not

22 ification_server/generating_a_remote_notification;

23 https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

24 erver:);    and    (https://support.apple.com/guide/deployment/prepare-to-use-esims-with-apple-

25 devicesdep36c581d6x/web); limitation 29[a] to specifications for Apple's iPhone, iPad, Apple

26 Watch    (citing,    for    example,    https://www.apple.com/iphone-16/specs/;

27 https://www.apple.com/ipad-pro/;   https://www.apple.com/apple-watch-ultra-2/specs/),   PushKit

28 framework and APNs (citing, for example, similar public documents as cited for 1[pre], as well as,

1   https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

2   erver/establishing_a_token-based_connection_to_apns                                    and

3   https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

4   erver/establishing_a_certificate-based_connection_to_apns:),  documentation  related  to  User

5   Notifications (citing,  for  example,  https://support.apple.com/en-us/111001?device-type=iphone,

6   https://support.apple.com/enus/111001      and      https://support.apple.com/en-us/102651#;

7   https://support.apple.com/en-us/118669),       eSIMs       (citing,       for       example,

8   https://support.apple.com/guide/deployment/prepare-to-use-esims-with-apple-

9   devicesdep36c581d6x/web  and  SGP  documentation);  limitation  29[b]  to  User  Notification

10  documentation        including        triggers        for        notifications        (citing,        for        example,

11  https://developer.apple.com/documentation/usernotifications/uncalendarnotificationtrigger;

12  https://developer.apple.com/documentation/usernotifications/untimeintervalnotificationtrigger;

13  https://developer.apple.com/documentation/usernotifications/unlocationnotificationtrigger;

14  https://developer.apple.com/documentation/usernotifications/unpushnotificationtrigger;        and

15  https://developer.apple.com/documentation/usernotifications/unnotificationtrigger)  and  Apple's

16  APNs, PushKit framework, and the SGP standard (citing, for example, similar documentation for

17  29[pre] and 29[a]); limitation 29[c] through 29[e] to User Notifications, Apple APNs, and SGP

18  standard  (citing,  for  example,  documentation  similar  to  29[pre]  through  29[b])  and  public

19  documentation related to data security in Apple's devices. *See, e.g.*, Ex. 5.

20          6.      For the '403 patent, Headwater maps limitation 1[pre] to specifications for Apple's

21  iPhone, iPad, and Apple Watch (citing, for example, https://www.apple.com/iphone-16/specs/;

22  https://www.apple.com/ipad-pro/;  https://www.apple.com/apple-watch-ultra-2/specs/);  limitation

23  1[a] limitation to specifications for Apple's iPhone, iPad, and Apple Watch (citing, for example,

24  https://www.apple.com/iphone-16/specs/;                      https://www.apple.com/ipad-pro/;

25  https://www.apple.com/apple-watch-ultra-2/specs/),  specifications  and  support  documents  for

26  cellular  components  in  Apple's  iPhones,  iPads,  and  Apple  Watch  (citing,  for  example,

27  https://www.apple.com/iphone/cellular/;                      https://support.apple.com/en-us/121031;

28  https://support.apple.com/guide/iphone/set-up-cellular-serviceiph3f11fba92/18.0/ios/18.0;

4

1  https://support.apple.com/guide/iphone/view-or-change-cellulardata-settings-

2  iph3dd5f213/18.0/ios/18.0;       https://support.apple.com/guide/iphone/learn-themeaning-of-the-

3  status-icons-iphef7bb57dc/ios) and public teardowns of Apple products (citing, for example,

4  https://www.ifixit.com/Teardown/iPhone+13+Pro+Teardown/144928;

5  https://www.ifixit.com/Teardown/iPhone+13+Pro+Teardown/144928); limitation 1[b] to Apple's

6  User  Notifications,  APNs,  PushKit  framework,  and  eSIMS  (citing,  for  example,

7  https://developer.apple.com/documentation/pushkit;

8  https://developer.apple.com/documentation/pushkit/supporting_pushkit_notifications_in_your_ap

9  p;                    https://developer.apple.com/documentation/pushkit/pkpushcredentials;

10  https://developer.apple.com/documentation/usernotifications/registering_your_app_with_apns;

11  https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

12  erver;

13  https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

14  erver/handling_notification_responses_from_apns;

15  https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

16  erver/pushing_background_updates_to_your_app;

17  https://developer.apple.com/documentation/usernotifications/registering_your_app_with_apns;

18  https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

19  erver/establishing_a_token-based_connection_to_apns;

20  https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

21  erver/establishing_a_certificate-based_connection_to_apns;

22  https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

23  erver; https://support.apple.com/en-us/118669); and limitation 1[c] to Apple's User Notifications,

24  APNs, PushKit framework, and eSIMS (citing, for example, documentation similar to 1[b]).  *See,*

25  *e.g.*, Ex. 6.

26        7.    For the '564 patent, Headwater maps limitation 1[pre] to specifications for Apple's

27  iPhone, iPad, and Apple Watch (citing, for example, https://www.apple.com/iphone-16/specs/;

28  https://www.apple.com/ipad-pro/; https://www.apple.com/apple-watch-ultra-2/specs/); limitation

1[a] limitation to specifications for Apple's iPhone, iPad, and Apple Watch (citing, for example, https://www.apple.com/iphone-16/specs/; https://www.apple.com/ipad-pro/; https://www.apple.com/apple-watch-ultra-2/specs/), specifications and support documents for cellular components in Apple's iPhones, iPads, and Apple Watch (citing, for example, https://www.apple.com/iphone/cellular/; https://support.apple.com/en-us/121031; https://support.apple.com/guide/iphone/set-up-cellular-serviceiph3f11fba92/18.0/ios/18.0; https://support.apple.com/guide/iphone/view-or-change-cellulardata-settings-iph3dd5f213/18.0/ios/18.0; https://support.apple.com/guide/iphone/learn-themeaning-of-the-status-icons-iphef7bb57dc/ios) and public teardowns of Apple products (citing, for example, https://www.ifixit.com/Teardown/iPhone+13+Pro+Teardown/144928; https://www.ifixit.com/Teardown/iPhone+13+Pro+Teardown/144928); limitation 1[b] to Apple's User Notifications, APNs, PushKit framework, and eSIMS (citing, for example, https://developer.apple.com/documentation/pushkit; https://developer.apple.com/documentation/pushkit/supporting_pushkit_notifications_in_your_app; https://developer.apple.com/documentation/pushkit/pkpushcredentials; https://developer.apple.com/documentation/usernotifications/registering_your_app_with_apns; https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_server; https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_server/handling_notification_responses_from_apns; https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_server/pushing_background_updates_to_your_app; https://developer.apple.com/documentation/usernotifications/registering_your_app_with_apns; https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_server/establishing_a_token-based_connection_to_apns; https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_server/establishing_a_certificate-based_connection_to_apns; https://developer.apple.com/documentation/usernotifications/setting_up_a_remote_notification_s

erver; https://support.apple.com/en-us/118669); limitation 1[c] to Apple's User Notifications, APNs, PushKit framework, and eSIMS (citing, for example, documentation similar to 1[b]); limitation 1[d] to Apple's User Notifications, APNs, PushKit framework, and eSIMS (citing, for example, documentation similar to 1[b] and 1[c]); and limitation 1[d] to Apple's User Notifications, APNs, PushKit framework, and eSIMS (citing, for example, documentation similar to 1[b], 1[c], and [1d]). *See, e.g.*, Ex. 7.

8.    Headwater had previously filed patent infringement lawsuits against Cellco Partnership, d/b/a Verizon Wireless and Verizon Corporate Services Group, Inc. (together, "Verizon"), T-Mobile USA, Inc. and Sprint LLC (together, "T-Mobile"), and AT&T Services, Inc., AT&T Mobility, LLC and AT&T Enterprises LLC (together, "AT&T"), in which Headwater accused Verizon, T-Mobile, and AT&T of infringing the '935, '403, and '564 patents, among others. *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-156 (E.D. Tex. Feb. 6, 2025) (hereinafter, the "Verizon -156 Case"); *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-164 (E.D. Tex. Feb. 10, 2025) (hereinafter, the "T-Mobile -164 Case"); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-215 (E.D. Tex. Feb. 18, 2025) (hereinafter, the "AT&T -215 Case"); *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-709, Dkt. 1-4, 1-6 (E.D. Tex. July 11, 2025) (hereinafter, the "Verizon -709 Case"); *Headwater Research LLC v. T-Mobile USA*, No. 2:25-cv-710, Dkt. 1-4, 1-6 (E.D. Tex. July 11, 2025) (hereinafter, the "T-Mobile -710 Case"); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-711, Dkt. 1-4, 1-6 (E.D. Tex. July 11, 2025) (hereinafter, the "AT&T -711 Case") (collectively, the "Carrier Cases").  In the Verizon -709, T-Mobile -710, and AT&T -711 cases, Headwater alleged that Apple's iPhones, iPads, Apple Watch, and APNs satisfy certain claim limitations of the '403 and '564 patents. *Id.* True and correct copies of Headwater's complaints and relevant claim charts from the Verizon -709, T-Mobile -710, and AT&T -711 cases  are attached hereto as **Exhibits 8 through 16**.

9.    In the Verizon -709, T-Mobile -710, and AT&T -711 cases, Headwater attached claim charts as exhibits 4 and 6 to each complaint, purportedly mapping the limitations of claim 1 of the '403 and '564 patents to documentation related to Apple's iPhone, iPad, and Apple Watch

1    devices and Apple's APNs.  Each claim chart begins with the following listing of "Accused

2    Devices."

3

**Exhibit 4 - U.S. Patent No. 9,232,403 ("'403 Patent")**

4
Accused Devices: Devices on AT&T's network including Apple's iPhone, iPad, Apple Watch, and all versions and variations thereof since the

5    issuance of the asserted patent.

**Exhibit 6 - U.S. Patent No. 9,491,564 ("'564 Patent")**

6
Accused Devices: Devices on AT&T's network including Apple's iPhone, iPad, Apple Watch, and all versions and variations thereof since the

7    issuance of the asserted patent.

8        10.    For the '403 patent in the Verizon -709, T-Mobile -710, and AT&T -711 cases,

9    Headwater maps the limitations to similar Apple functionality and documentation as in the Apple

10    -407 Case.  *See, e.g.*, Exs. 9, 12, 15.

11        11.    For the '564 patent in the Verizon -709, T-Mobile -710, and AT&T -711 cases,

12    Headwater maps the limitations to similar Apple functionality and documentation as in the Apple

13    -407 Case.  *See, e.g.,* Exs. 10, 13, 16.

14        12.    Headwater also alleges that certain products and services from Google infringe the

15    '403 and '564 patents in the Verizon -709, T-Mobile -710, and AT&T -711.  *Headwater Research*

16    *LLC v. Cellco Partnership*, No. 2:25-cv-709, Dkt. 1-3, 1-5 (E.D. Tex. July 11, 2025); *Headwater*

17    *Research LLC v. T-Mobile USA*, No. 2:25-cv-710, Dkt. 1-3, 1-5 (E.D. Tex. July 11, 2025);

18    *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-711, Dkt. 1-3, 1-5 (E.D. Tex. July

19    11, 2025).

20        13.    Based on Headwater's allegations of infringement of the Patents-in-Suit by the

21    Accused Devices and Accused Instrumentalities, an actual and justiciable controversy exists

22    between Apple and Headwater.

23        14.    Headwater has sued Apple in at least eight other lawsuits, six of which were recently

24    filed on August 27, 2025:

25        •    On July 17, 2025, Headwater filed a complaint against Apple, alleging Apple's
            mobile devices, such as phones, tablets, and wearables, as well as television devices

26            and servers, in combination with Apple's APNs, infringe U.S. Patent Nos. 8,667,571
            (the "'571 patent") and 10,064,055 (the "'055 patent"). *Headwater Research LLC*

27            *v. Apple Inc.*, No. 7:25-cv-318, Dkt. 1, ¶¶ 40, 51 (W.D. Tex. July 17, 2025).

28

8

- On August 27, 2025, Headwater filed a complaint against Apple, alleging infringement of U.S. Patent Nos. 8,666,364 (the "'364 patent"); 9,143,976 (the "'976 patent"); 9,179,359 (the "'359 patent"), and 9,647,918 (the "'918 patent"). *Headwater Research LLC v. Apple Inc.*, No. 7:25-cv-379, Dkt. 1, ¶¶ 30, 40, 50, 60 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater filed a complaint against Apple, alleging infringement of U.S. Patent Nos. 8,635,335 (the "'335 patent"), 10,791,471 (the "'471 patent"), and 10,237,757 (the "'757 patent"). *Headwater Research LLC v. Apple Inc.*, No. 7:25-cv-377, Dkt. 1, ¶¶ 29, 39, 49 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater filed a complaint against Apple, alleging infringement of U.S. Patent Nos. 8,023,425 (the "'425 patent"), 8,631,102 (the "'102 patent"), and 8,799,451 (the "'451 patent"). *Headwater Research LLC v. Apple Inc.*, No. 7:25-cv-375, Dkt. 1, ¶¶ 29, 39, 49 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater filed a complaint against Apple, alleging infringement of U.S. Patent Nos. 9,154,428 (the "'428 patent"), 9,277,445 (the "'445 patent"), 9,392,462 (the "'462 patent"), and 9,866,642 (the "'642 patent"). *Headwater Research LLC v. Apple Inc.*, No. 7:25-cv-373, Dkt. 1, ¶¶ 30, 40, 50, 60 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater filed a complaint against Apple, alleging infringement of U.S. Patent Nos. 9,615,192 (the "'192 patent") and 10,321,320 (the "'320 patent"). *Headwater Research LLC v. Apple Inc.*, No. 7:25-cv-371, Dkt. 1, ¶¶ 32, 43 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater filed a complaint against Apple, alleging infringement of U.S. Patent Nos. 9,973,930 (the "'930 patent"), 9,609,510 (the "'510 patent"), 11,985,155 (the "'155 patent"), 11,966,464 (the "'464 patent"), 11,405,429 (the "'429 patent"), and 11,096,055 (the "'425 patent"). *Headwater Research LLC v. Apple Inc.*, No. 7:25-cv-370, Dkt. 1, ¶¶ 32, 42, 52, 62, 72, 82 (W.D. Tex. Aug. 27, 2025).

15.    Headwater has asserted the same patents, or related patents, mentioned in paragraph 4 in cases filed against other companies:

- On March 10, 2023, Headwater filed a complaint against Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together, "Samsung"), alleging infringement of the '192 patent and the '117 patent—both related to the Patents-in-Suit. *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-cv-103, Dkt. 1, ¶¶ 75, 90 (E.D. Tex. Mar. 10, 2023) ("Samsung -103 Case").;

- On April 3, 2024, Headwater filed a complaint against Samsung alleging infringement of the '510 patent, the '055 patent, and the '429 patent—all related to the Patents-in-Suit. *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-228, Dkt. 1, ¶¶ 62, 76, 90 (E.D. Tex. Apr. 3, 2024) ("Samsung -228 Case");

- On December 29, 2023, Headwater asserted the '918 patent against Samsung. *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-cv-641, Dkt. 1, ¶ 104 (E.D. Tex. Dec. 29, 2023).

- On March 13, 2023, Headwater added an infringement allegation of the '976 patent against Samsung in a second amended complaint. *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-422, Dkt. 42, ¶ 137 (E.D. Tex. Mar. 13, 2023).

- On February 6, 2025, Headwater filed a complaint against Verizon alleging infringement of, among other patents, the '935 patent, the '464 patent, the '155 patent, and the '930 patent—all related to the Patents-in-Suit. *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-156, Dkt. 1, ¶¶ 59, 83, 96, 109 (E.D. Tex. Feb. 6, 2025).  On February 10, 2025 and February 18, 2025, Headwater sued T-Mobile and AT&T on the same patents, respectively. *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-164, Dkt. 1, ¶¶ 50, 74, 87, 100 (E.D. Tex. Feb. 10, 2025); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-215, Dkt. 1, ¶¶ 56, 80, 93, 106 (E.D. Tex. Feb. 18, 2025);

- On April 8, 2025, Headwater filed a complaint against T-Mobile alleging infringement of the '425 patent, '102 patent, and '451 patent. *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-359, Dkt. 1, ¶¶ 56, 68, 80 (E.D. Tex. Apr. 8, 2025). On April 15, 2025 and April 23, 2025, Headwater sued Verizon and AT&T on the same patents, respectively. *Headwater Research LLC v. Cellco Partnership.*, No. 2:25-cv-391, Dkt. 1, ¶¶ 53, 65, 77 (E.D. Tex. Apr. 15, 2025); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-428, Dkt. 1, ¶¶ 53, 65, 77 (E.D. Tex. Apr. 23, 2025);

- On May 2, 2025, Headwater filed a complaint against Verizon, T-Mobile, and AT&T alleging infringement of the '335 patent, the '471 patent, and the '757 patent. *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-462, Dkt. 1, ¶¶ 48, 60, 72 (E.D. Tex. May 2, 2025); *Headwater Research LLC v. Cellco Partnership.*, No. 2:25-cv-463, Dkt. 1, ¶¶ 55, 67, 79 (E.D. Tex. May 2, 2025); *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-464 (E.D. Tex. May 2, 2025).

16.     Based on Headwater's allegations of direct and indirect infringement of the '935, '403, and '564 patents by the Accused Devices, Accused Instrumentalities, and Apple's APNs (Ex. 4 ¶¶ 34, 45, 56) an actual and justiciable controversy exists between Apple and Headwater.

**THE PARTIES**

17.    Plaintiff Apple is a California corporation with a principal place of business at One Apple Park Way, Cupertino, California 95104.  Apple has over 35,000 employees who work at or near its headquarters in Cupertino, California.

18.    On information and belief, Headwater purports to be a Texas limited liability company organized under the laws of Texas, with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

**JURISIDCTIONAL STATEMENT**

19.    This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

20.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Jurisdiction is also proper under 28 U.S.C. § 1332 because Apple and Headwater are citizens of different states, and the value of the controversy exceeds $75,000.00.

21.    Pursuant to 28 U.S.C. § 2201, this Court can provide the declaratory relief sought in Apple's Complaint because an actual case or controversy exists between Apple and Headwater. An actual case or controversy exists at least because Apple does not infringe and has not infringed any claims of the '935, '403, and '564 patents, and Headwater has accused Apple's products and APNs of infringing the '935, '403 and '564 patents in the Eastern and Western Districts of Texas.

22.    This Court has personal jurisdiction over Headwater because Headwater has engaged in actions in the Northern District of California ("NDCA") that have established sufficient minimum contacts.  Further, the exercise of personal jurisdiction based on Headwater's contacts does not offend traditional notions of fairness and substantial justice.

23.    Headwater has availed itself of the NDCA to enforce its patent rights, including patents related to the Patents-in-Suit. On August 30, 2023, Headwater sued Motorola Mobility LLC, Lenovo (United States) Inc., and Lenovo Group Ltd. (together, "Motorola") in the NDCA alleging infringement of U.S. Patent Nos. 9,198,076 and 10,749,700, both related to the Patents-in-Suit because they share a priority claim to the same four U.S. provisional patent applications and

1    one nonprovisional patent application.  *Headwater Research LLC v. Motorola Mobility LLC*, No.

2    4:23-cv-4496, Dkt. 1, ¶¶ 40, 55 (N.D. Cal. Aug. 30, 2023) (**Exhibit 17**).

3        24.    Headwater has also availed itself of the NDCA to enforce its patent rights by seeking

4    discovery from NDCA residents to support its cases in other patent infringement lawsuits.  For

5    example, Headwater moved to compel discovery from third party Mr. James Kolotouros, a current

6    employee of Samsung Research America, Inc. ("SRA") and former employee of Google.  In re

7    Subpoena to James Kolotouros, No. 3:24-mc-80255 (N.D. Cal. Oct. 10, 2024) (**Exhibit 18**).

8    Headwater claimed that Mr. Kolotouros's testimony was relevant to claims at issue in the Samsung

9    -103 Case—a case in which Headwater asserted patents related to the Patents-in-Suit against

10   Samsung. *Id.*

11       25.    Headwater has also served subpoenas on NDCA residents in pursuit of discovery to

12   support other patent infringement lawsuits.  For example, Headwater served subpoenas on Apple

13   in *Headwater Research LLC v. Cellco Partnership*, No. 2:23-cv-352 (E.D. Tex. July 28, 2023),

14   *Headwater Research LLC v. T-Mobile USA Inc.*, No. 2:23-cv-379 (E.D. Tex. Aug. 23, 2023), and

15   *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-397 (E.D. Tex. Sep. 1, 2023), in

16   support of patent infringement allegations for patents related to the Patents-in-Suit.  Headwater also

17   served subpoenas on NDCA residents Hugo Barra and Google, which is headquartered in NDCA,

18   in *Headwater Research LLC. v. Samsung Electronics America*, Inc., 2:22-cv-422 (E.D. Tex. Oct.

19   26, 2022) ("Samsung -422 Case").  Headwater has also served subpoenas on Google in the

20   Samsung -103 Case, *Headwater Research LLC v. Cellco Partnership*, No. 2:23-cv-352 (E.D. Tex.

21   July 28, 2023), *Headwater Research LLC v. T-Mobile USA Inc.*, No. 2:23-cv-377 (E.D. Tex. Aug.

22   21, 2023), *Headwater Research LLC v. T-Mobile USA Inc.*, No. 2:23-cv-379 (E.D. Tex. Aug. 23,

23   2023), *Headwater Research LLC. v. Samsung Electronics America, Inc.*, 2:23-cv-641 (E.D. Tex.

24   Dec. 29, 2023), *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-397 (E.D. Tex. Sep.

25   1, 2023), *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-398, (E.D. Tex. Sep. 1,

26   2023) in support of patent infringement allegations for patents related to the Patents-in-Suit.  In

27   connection with at least some of the aforementioned subpoenas, on information and belief,

28   Headwater's outside counsel deposed NDCA-based witnesses in NDCA.

26.    The '935 patent issued from U.S. Patent Application No. 13/712,184 ("the '184 Application"), filed on December 12, 2012.

27.    The '935 patent purports to claim priority to U.S. Provisional Application No. 61/206,354 (the "'354 Provisional") filed on January 28, 2009; U.S. Provisional Application No. 61/206,944 (the "'944 Provisional") filed on February 4, 2009; U.S. Provisional Application No. 61/207,393 (the "'393 Provisional") filed on February 10, 2009; U.S. Provisional Application No. 61/207,739 (the "'739 Provisional") filed on February 13, 2009; and U.S. Patent Application No. 12/380,780 (the "'780 Application") filed on March 2, 2009, now U.S. Patent No. 8,839,388.

28.    The '403 patent issued from U.S. Patent Application No. 14/667,353 (the "'353 Application"), filed on March 24, 2015.

29.    The '403 patent purports to claim priority to the '354, '944, '393, and '739 Provisional Applications; the '780 Nonprovisional Application, now U.S. Patent No. 8,839,388, and U.S. Patent Application No. 14/263,604 (the "'604 Application") filed on April 28, 2014, now U.S. Patent No. 9,037,127.

30.    The '564 patent issued from U.S. Patent Application No. 15/217,538 (the "'538 Application"), filed on July 22, 2016.

31.    The '564 patent also purports to claim priority to the '354, '944, 393, and '739 Provisional Applications, and '780 and '604 Nonprovisional Applications.  It additionally purports to claim priority to the '353 Application, now the '403 patent, and U.S. Patent Application No. 14/979,233 (the "'233 Application") filed on December 22, 2015, now U.S. Patent No. 9,532,161.

32.    The '354, '944, '393, and '739 Provisional Applications and the '780 Nonprovisional Application were filed by the law firm Van Pelt, Yi & James LLP, at the time of filing based in Cupertino, California and now based in Los Altos, California. The '780 Application was also prosecuted by Sheppard, Mullin, Richter & Hampton LLP, based in Palo Alto, California. The '604 Application, filed by Greg H. Gardella, was prosecuted by James E. Harris from Headwater Partners I LLC, at the time based in Redwood City, California.

33.    The '353 Application and the '233 Application were filed and prosecuted by James E. Harris from Headwater Partners I LLC whose mailing address at the time of filing was in

13

1    Redwood City, California. James Harris also filed and prosecuted the '538 Application.  The '184

2    Application was filed and prosecuted by Krista S. Jacobsen from Applicant Headwater Partners I

3    LLC whose mailing address at the time of filing was in Redwood City, California.

4         34.    Gregory Raleigh—the named inventor of the Patents-in-Suit—is listed as the

5    inventor of the '739, '393, '944, '354 Provisional Applications and the '780, '604, '353, '233, and

6    '538 Nonprovisional Applications. His residence as listed on these applications at the time of filing

7    was Woodside, California.

8         35.    Dr. Raleigh executed an assignment agreement to assign the '780 Nonprovisional

9    Application to Headwater Partners I, LLC on March 24, 2009. The assignment is recorded at the

10   USPTO at reel 022796, frame 0779. The assignment agreement shows Headwater Partners I, LLC

11   as having a place of business in Woodside, California.

12        36.    At the time of each of their filings, the '604, '353, '233, and '538 Nonprovisional

13   Applications were assigned to Headwater Partners I LLC. At the time of filing of the '604

14   Application, Headwater Partners I LLC's mailing address was in Redwood Shores, California. At

15   the time of filing of the '353 and '233 Applications, Headwater Partners I LLC's mailing address

16   was in Redwood City, California.

17        37.    On information and belief, Headwater Partners I LLC merged with Headwater

18   Management LLC to form the Defendant Headwater on December 29, 2016. The certificate of

19   merger is recorded at the USPTO at reel 041248, frame 0777.

20        38.    To enforce its patent rights, Headwater has consistently used the law firm Russ

21   August & Kabat, based in Los Angeles, California, including for the following cases:

22   • *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-422 (E.D. Tex.
23     Nov. 30, 2022)

24   • *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-467 (E.D. Tex.
25     Dec. 6, 2022)

26   • *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-cv-103 (E.D. Tex.
       Mar. 10, 2023)

27

28

- *Headwater Research LLC v. Cellco Partnership d/b/a Verizon Wireless,* No. 2:23-cv-352 (E.D. Tex. July 28, 2023)

- *Headwater Research LLC v. T-Mobile USA Inc.,* No. 2:23-cv-377 (E.D. Tex. Aug. 21, 2023)

- *Headwater Research LLC v. T-Mobile USA Inc.,* No. 2:23-cv-379 (E.D. Tex. Aug. 23, 2023)

- *Headwater Research LLC v. Motorola Mobility LLC*, No. 4:23-cv-4496 (N.D. Cal. Aug. 30, 2023)

- *Headwater Research LLC v. AT&T Services, Inc.,* No. 2:23-cv-397 (E.D. Tex. Sep. 1, 2023)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-398, (E.D. Tex. Sep. 1, 2023)

- *Headwater Research LLC. v. Samsung Electronics America, Inc.,* 2:23-cv-641 (E.D. Tex. Dec. 29, 2023)

- *Headwater Research LLC. v. Samsung Electronics America, Inc.,* 2:24-cv-228 (E.D. Tex. Apr. 3, 2024)

- *Headwater Research LLC. v. Samsung Electronics America, Inc.*, 2:24-cv-627 (E.D. Tex. Aug. 2, 2024)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-156 (E.D. Tex. Feb. 6, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.,* No. 2:25-cv-164 (E.D. Tex. Feb. 10, 2025)

- *Headwater Research LLC v. AT&T Services, Inc. No*. 25-cv-215 (E.D. Tex. Feb. 18, 2025)

- *Headwater Research LLC v. Sprint LLC,* No. 2:25-cv-359 (E.D. Tex. Apr. 8, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-391 (E.D. Tex. Apr. 15, 2025)

- *Headwater Research LLC v. AT&T Inc.*, No. 2:25-cv-428 (E.D. Tex. Apr. 23, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-462 (E.D. Tex. May. 2, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-463 (E.D. Tex. May. 2, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-464 (E.D. Tex. May. 2, 2025)

- *Headwater Research LLC v. Google LLC,* No. 7-25-cv-231 (W.D. Tex. May. 16, 2025)

- *Headwater Research LLC v. Amazon.com, Inc.*, No. 7-25-cv-286 (W.D. Tex. Jun. 20, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-685 (E.D. Tex. Jul. 3, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.,* No. 2:25-cv-686 (E.D. Tex. Jul. 3, 2025)

- *Headwater Research LLC v. Verizon Communications Inc.*, No. 2:25-cv-687 (E.D. Tex. Jul. 3, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-690 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-691 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-692 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:25-cv-693 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-694 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-695 (E.D. Tex. Jul. 7, 2025)

- *Headwater Research LLC v. Cellco Partnership*, No. 2:25-cv-709 (E.D. Tex. Jul. 11, 2025)

- *Headwater Research LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-710 (E.D. Tex. Jul. 11, 2025)

- *Headwater Research LLC v. AT&T Services, Inc.,* No. 2:25-cv-711 (E.D. Tex. Jul. 11, 2025)

- *Headwater Research LLC v. Apple Inc.,* No. 7-25-cv-318 (W.D. Tex. Jul. 17, 2025)

- *Headwater Research LLC v. Amazon.com Services LLC*, No. 2:25-cv-897 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC,* No. 7-25-cv-367 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-369 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc.,* No. 7-25-cv-370 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Charter Communications, Inc.*, No. 2:25-cv-901 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Dish Network Corp.*, No. 2:25-cv-902 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-903 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Charter Communications, Inc*., No. 2:25-cv-904 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Dish Network Corp*., No. 2:25-cv-905 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Charter Communications, Inc*., No. 2:25-cv-906 (E.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Dish Network Corp.*, No. 2:25-cv-907 (E.D. Tex. Aug. 28, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC,* No. 2:25-cv-908 (E.D. Tex. Aug. 28, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-909 (E.D. Tex. Aug. 28, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7-25-cv-371 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-372 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc*., No. 7-25-cv-373 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-374 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc*., No. 7-25-cv-375 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-376 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc*., No. 7-25-cv-377 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-378 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Apple Inc*., No. 7-25-cv-379 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Google LLC*, No. 7-25-cv-380 (W.D. Tex. Aug. 27, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-914 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. Charter Communications, Inc.,* No. 2:25-cv-916 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. Comcast Cable Communications, LLC*, No. 2:25-cv-917 (E.D. Tex. Aug. 29, 2025)

CASE NO.                                                    APPLE'S COMPLAINT FOR DECLARATORY JUDGMENT

- *Headwater Research LLC v. Charter Communications, Inc.,* No. 2:25-cv-919 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. DISH Network Corporation*, No. 2:25-cv-920 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. DISH Network Corporation*, No. 2:25-cv-921 (E.D. Tex. Aug. 29, 2025)

- *Headwater Research LLC v. Apple Inc.*, No. 7:25-cv-407 (W.D. Tex. Sept. 4, 2025)

39.     Headwater has alleged that in 2008, Dr. Raleigh founded ItsOn Inc., which licensed Headwater's intellectual property and implemented Headwater's technology. Ex. 8 ¶ 14. At the time of its formation, ItsOn Inc. was based in Woodside, California. ItsOn Inc. later moved its principal executive office and principal business office to Redwood City, California. Headwater has alleged that ItsOn technology can be used to practice the Patents-in-Suit. *Id.* at ¶ 35.

40.     In Headwater's complaint in the Verizon -709 Case asserting infringement of the '403 and '564 patents, Headwater claims that in the 2009-2011 timeframe, it presented information to Verizon divulging how ItsOn's technology could be used by Verizon. Ex. 8 ¶¶ 16-35. Headwater alleges that "Headwater, ItsOn, and Verizon continued to work together, with Headwater and ItsOn sharing detailed technical information covered by Headwater's pending patents with Verizon's product, IT, technology and marketing teams." *Id.* at ¶ 26. Headwater alleges that the information shared by ItsOn constitutes notice of the Patents-in-Suit to Verizon. *Id.* at ¶¶ 16-35. Headwater alleges that the ItsOn technology can be used to practice the Patents-in-Suit. *Id.* at ¶ 35 ("Verizon sold devices and provided services which included features and functionalities that were the subject of the Verizon, Headwater, and ItsOn relationship, with technology Verizon learned from ItsOn, and which infringe the Asserted Patents."). During the timeframe of the alleged discussions between Headwater, ItsOn and Verizon, both Headwater and ItsOn were located in the Northern District of California. In the Verizon -709 complaint and Apple-407 complaint, Headwater accused Apple functionality of infringement. *See, supra* ¶¶ 3-6, 12-13.

41.     Similarly, in Headwater's complaint in the AT&T -711 Case asserting infringement of the '403 and '564 patents, Headwater claims that in 2009, ItsOn presented information to AT&T

1    divulging how ItsOn's technology could be used by AT&T.  Ex. 14 ¶¶ 16-31.  Headwater alleges

2    that the information shared by ItsOn constitutes notice of the Patents-in-Suit to AT&T. *Id.*

3    Headwater alleges that the ItsOn technology can be used to practice the Patents-in-Suit.  *Id*. at ¶ 31

4    ("AT&T sold devices and provided services which included features and functionalities that were

5    the subject of the AT&T and ItsOn relationship, with technology AT&T learned from ItsOn, and

6    which infringe Headwater's Asserted Patents.").  During the timeframe of the alleged discussions

7    between Headwater, ItsOn and AT&T, both Headwater and ItsOn were located in the Northern

8    District of California.  In the AT&T -711 complaint and Apple-407 complaint, Headwater accuses

9    Apple functionality of infringement.  *See, supra* ¶¶ 3-6, 12-13.

10    42.    Headwater's California-based counsel also discussed Headwater's patent portfolio

11    generally with an Apple employee located in NDCA.

12    43.    Venue is proper in this District under 28 U.S.C. Section 1391 because a substantial

13    part of the events giving rise to Apple's claim occurred in this District, and because Headwater is

14    subject to personal jurisdiction here.

15    44.    An immediate, real, and justiciable controversy exists between Apple and

16    Headwater as to whether Apple is infringing or has infringed the Patents-in-Suit.

## JURISIDCTIONAL STATEMENT

18    45.    This is an Intellectual Property Rights Action subject to assignment on a district-

19    wide basis pursuant to Civil L.R. 3-2(c) and 3-5(b).

## APPLE DEVELOPED THE ACCUSED TECHNOLOGY BEFORE ANY ALLEGED INVENTIONS BY DR. RALEIGH

22    46.    Apple was founded in 1976, and is world-renowned for creating innovative products

23    that people love. Apple produces those products through its significant investment in and dedication

24    to research and development and product design.

25    47.    Apple created the accused technology, announced it by 2008, and launched it by

26    June 2009 with iOS 3.  *See* https://www.engadget.com/2008-06-09-iphone-push-notification-

27    service-for-devs-announced.html, https://arstechnica.com/gadgets/2008/07/apple-releases-iphone-

28    2-1-beta-to-registered-developers-only/.

48.     Apple engineers who work on the accused technology are based in Cupertino, California.

49.     Because documents about Apple's products and services, including technical documents and source code, are created and maintained by the employees working on those products and services, such documents are primarily created and maintained in Northern California.

## HEADWATER WAS FOUNDED IN CALIFORNIA BY DR. RALEIGH

50.     On information and belief, Headwater has alleged that Dr. Raleigh formed Headwater Partners I LLC in 2008.  Headwater has alleged that Dr. Raleigh simultaneously founded Headwater's sister company, ItsOn Inc., in 2008 to license and productize Headwater's patented technology.  On information and belief, these were the first of several NDCA-based predecessor entities to Defendant Headwater Research LLC.

51.     On information and belief, Headwater has alleged that in 2016, Dr. Raleigh merged Headwater Partners I LLC with Headwater Management LLC (another company Raleigh founded) to form the Defendant Headwater Research LLC.

52.     On information and belief, although Headwater purports to maintain an office in Tyler, Texas, Dr. Raleigh currently resides in and, on information and belief, operates Headwater out of Incline Village, Nevada, a town in the Lake Tahoe area directly bordering California.  On information and belief, Dr. Raleigh also has a residence in NDCA.

53.     On information and belief, ItsOn filed for bankruptcy and its assets were liquidated into an "Assignment for Benefit of Creditors" entity ("ItsOn-ABC"), managed by Sherwood Partners. Headwater has confirmed in other patent litigations that these assets still exist in the possession of ItsOn-ABC. On information and belief, ItsOn-ABC is based in Mountain View, California and Sherwood Partners is based in California. On information and belief, Dr. Raleigh was a long-time resident of Woodside, California, located in the NDCA. On information and belief, Dr. Raleigh still owns property in the NDCA.

## HEADWATER PURPORTEDLY DEVELOPED PATENTS IN NDCA

54.     As explained in paragraphs 26 to 31 above, the '935 patent purports to claim priority to the '354, '944, '393, and '739 Provisional Applications, and the '780 Nonprovisional

Application. The '403 patent purports to claim priority to the '354, '944, '393, and '739 Provisional Applications, and the '780 and '604 Nonprovisional Applications. The '564 patent also purports to claim priority to these applications, as well as the '353 and '233 Nonprovisional Applications. All of these applications were filed by or prosecuted by NDCA-based firms or patent attorneys. Dr. Raleigh purportedly invented the subject matter of these patent applications while he was based in the NDCA. The nonprovisional patent applications were all assigned to Headwater Partners I, LLC while it was based in the NDCA.

55.     On information and belief, Dr. Raleigh also purportedly invented the subject matter of the '184 and '538 Nonprovisional Applications while he was based in the NDCA.

56.     Additionally, on information and belief, while Headwater was based in the NDCA, it worked together with ItsOn, also based in the NDCA, to try to partner with Verizon and AT&T to use ItsOn technology and to license Headwater's patents. Ex. 8 ¶¶ 16-35; Ex. 14 ¶¶ 16-31.

## APPLE DOES NOT INFRINGE THE PATENTS-IN-SUIT

57.     The Apple Accused Devices, Accused Instrumentalities, and Apple's APNs do not directly or indirectly infringe any claim of the Patents-in-Suit, literally or under the doctrine of equivalents.

58.     No third party infringes any claim of the Patents-in-Suit by using Apple's Accused Devices, Accused Instrumentalities, or Apple's APNs. Apple has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. Apple's Accused Devices, Accused Instrumentalities, and Apple's APNs are not designed for use in any combination that infringes any claim of the Patents-in-Suit. To the contrary, each has substantial uses that do not infringe any claim of the Patents-in-Suit.

## FIRST COUNT
### (Declaration of Noninfringement of U.S. Patent No. 8,639,935)

59.     Apple restates and incorporates by reference the allegations in paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60.     Headwater claims to own all rights, title, and interest in and under the '935 patent. The '935 patent is titled "Automated Device Provisioning and Activation." The '935 patent issued on January 28, 2014 from U.S. Patent Application No. 13/712,184, filed on December 12, 2012.

The '935 patent lists Gregory Raleigh as the sole inventor and Headwater Partners I LLC as the sole assignee. A true and correct copy of the '935 patent is attached hereto as Exhibit 1.

61. Apple does not directly or indirectly infringe any claim of the '935 patent, either literally or under the doctrine of equivalents. For example, Claim 29 of the '935 patent recites: "A method performed by a network system, the method comprising: establishing, in cooperation with an end-user device communicatively coupled to the network system over a set of one or more wireless access networks, a service control link between the network system and the end-user device, the service control link secured at least in part by at least one security protocol, the service control link for supporting control-plane communications between the network system and the end-user device, the end-user device comprising two or more device agents, the two or more device agents including a particular device agent; receiving a server message from a particular server of a plurality of servers communicatively coupled to the network system, the server message comprising a message payload, at least a portion of the message payload for delivery to the end-user device; generating an encrypted message comprising the at least a portion of the message payload and an identifier identifying the particular device agent, the identifier configured to assist in delivering the at least a portion of the message payload to the particular device agent, the identifier distinguishing the particular device agent from all other device agents of the two or more device agents; and sending the encrypted message to the end-user device over the service control link, wherein establishing the service control link between the network system and the end-user device comprises executing a link initialization sequence, the link initialization sequence associating the service control link with a credential associated with the end-user device." Apple does not infringe Claim 29 of the '935 patent at least because the Accused Devices, Accused Instrumentalities, and Apple's APNs do not meet or embody at least the following limitations as used in the claimed inventions: "establishing, in cooperation with an end-user device communicatively coupled to the network system over a set of one or more wireless access networks, a service control link between the network system and the end-user device, the service control link secured at least in part by at least one security protocol, the service control link for supporting control-plane communications between the network system and the end-user device, the end-user device comprising two or more

device agents, the two or more device agents including a particular device agent;" "receiving a server message from a particular server of a plurality of servers communicatively coupled to the network system, the server message comprising a message payload, at least a portion of the message payload for delivery to the end-user device;" "generating an encrypted message comprising the at least a portion of the message payload and an identifier identifying the particular device agent, the identifier configured to assist in delivering the at least a portion of the message payload to the particular device agent, the identifier distinguishing the particular device agent from all other device agents of the two or more device agents;" and "sending the encrypted message to the end-user device over the service control link, wherein establishing the service control link between the network system and the end-user device comprises executing a link initialization sequence, the link initialization sequence associating the service control link with a credential associated with the end-user device."

62.    No third party infringes any claim of the '935 patent by using the Accused Devices, Accused Instrumentalities, or Apple's APNs.  Apple has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  Apple had no knowledge of the '935 patent, nor any knowledge of alleged infringement of the '935 patent by the Accused Devices, Accused Instrumentalities, or Apple's APNs, before Headwater filed the Apple -407 Case. For at least the reasons explained above, the Accused Devices, Accused Instrumentalities, and Apple's APNs and the use of the Accused Devices, Accused Instrumentalities, and Apple's APNs do not directly infringe the '935 patent.  Apple's Accused Devices, Accused Instrumentalities, and Apple's APNs are not designed for use in any combination which infringes any claim of the '935 patent.  To the contrary, each has substantial uses that do not infringe any claim of the '935 patent and are not accused by Headwater of infringing the '935 patent.  For example, the Apple Accused Devices and Accused Instrumentalities can be used for phone calls, texts, browsing the Internet, and streaming content.

63.    Thus, there exists an actual controversy between Apple and Headwater with respect to Apple's alleged infringement of the '935 patent.  Accordingly, declaratory judgment is appropriate and necessary to determine the parties' respective rights regarding the '935 patent.

64.     Apple seeks a judicial declaration that Apple does not directly or indirectly infringe any claim of the '935 patent.

**SECOND COUNT**
**(Declaration of Noninfringement of U.S. Patent No. 9,232,403)**

65.     Apple restates and incorporates by reference the allegations in paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66.     Headwater claims to own all rights, title, and interest in and under the '403 patent. The '403 patent is titled "Mobile Device with Common Secure Wireless Message Service Serving Multiple Applications." The '403 patent issued on January 5, 2016 from U.S. Patent Application No. 14/667,353, filed on March 24, 2015. The '403 patent lists Gregory Raleigh as the sole inventor and Headwater Partners I LLC as the sole assignee. A true and correct copy of the '403 patent is attached hereto as Exhibit 2.

67.     Apple does not directly or indirectly infringe any claim of the '403 patent, either literally or under the doctrine of equivalents. For example, Claim 1 of the '403 patent recites: "A mobile end-user-area device comprising: a wireless wide-area network (WWAN) modem to exchange Internet data via a connection to a first WWAN, when configured for and connected to the first WWAN; a device messaging agent to receive secure Internet data messages, on behalf of a plurality of software applications capable of execution on the device, and over a secure connection to a network message server reachable via the WWAN, wherein at least a subset of the secure Internet data messages contain an identifier for a corresponding one of the software applications and application data from a respective network application server corresponding to that application; and a secure interprocess communication service, wherein the device messaging agent, for each message in the subset of the secure Internet data messages, maps the identifier to the corresponding one of the software applications in order to forward the application data on the secure interprocess communication service to a software process corresponding to the identified software application."

68.     Apple does not infringe Claim 1 of the '403 patent at least because the Accused Devices, Accused Instrumentalities, and Apple's APNs do not meet or embody at least the following limitations as used in the claimed inventions: "a device messaging agent to receive secure

Internet data messages, on behalf of a plurality of software applications capable of execution on the device, and over a secure connection to a network message server reachable via the WWAN," and "a secure interprocess communication service, wherein the device messaging agent, for each message in the subset of the secure Internet data messages, maps the identifier to the corresponding one of the software applications in order to forward the application data on the secure interprocess communication service to a software process corresponding to the identified software application."

69.     No third party infringes any claim of the '403 patent by using the Accused Devices, Accused Instrumentalities, or Apple's APNs.  Apple has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  Apple had no knowledge of the '403 patent, nor any knowledge of alleged infringement of the '403 patent by the Accused Devices, Accused Instrumentalities, or Apple's APNs, before Headwater filed the Verizon -709 Case, the T-Mobile -710 Case, and the AT&T -711 Case.  For at least the reasons explained above, the Accused Devices, Accused Instrumentalities, and Apple's APNs and the use of the Accused Devices, Accused Instrumentalities, and Apple's APNs do not directly infringe the '403 patent.  Apple's Accused Devices, Accused Instrumentalities, and Apple's APNs are not designed for use in any combination which infringes any claim of the '403 patent.  To the contrary, each has substantial uses that do not infringe any claim of the '403 patent and are not accused by Headwater of infringing the '403 patent.  For example, the Apple Accused Devices and Accused Instrumentalities can be used for phone calls, texts, browsing the Internet, and streaming content.

70.     Thus, there exists an actual controversy between Apple and Headwater with respect to Apple's alleged infringement of the '403 patent.  Accordingly, declaratory judgment is appropriate and necessary to determine the parties' respective rights regarding the '403 patent.

71.     Apple seeks a judicial declaration that Apple does not directly or indirectly infringe any claim of the '403 patent.

## THIRD COUNT
### (Declaration of Noninfringement of U.S. Patent No. 9,491,564)

72.     Apple restates and incorporates by reference the allegations in paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73.     Headwater claims to own all rights, title, and interest in and under the '564 patent. The '564 patent is titled "Mobile Device and Method with Secure Network Messaging For Authorized Components." The '564 patent issued on November 8, 2016 from U.S. Patent Application No. 15/217,538, filed on July 22, 2016. The '564 patent lists Gregory Raleigh as the sole inventor and Headwater Partners I LLC as the sole assignee. A true and correct copy of the '564 patent is attached hereto as Exhibit 3.

74.     Apple does not directly or indirectly infringe any claim of the '564 patent, either literally or under the doctrine of equivalents. For example, Claim 1 of the '564 patent recites: "A mobile end-user device comprising: a wireless modem configurable to exchange data via a connection to a wireless network; an inter-process software communication bus providing secure communication between an executing device link agent and respective executing processes for a plurality of software components, wherein providing secure communication comprises receiving access authorization information from a secure server, and allowing access to the bus only for software components identified by the access authorization information; and the device link agent, configured to maintain a secure message link through the wireless network and an Internet network to a message link server, the message link server operating a message service that receives messages over a network from a plurality of network functions, receive secure messages from the message link server over the secure message link, the received messages identified for delivery to multiple ones of the software components, and including message content received by the message link server from multiple ones of the network functions, and for software components identified by the access authorization information, route messages identified for delivery to a given one of those software components via the inter-process software communication bus to a software process corresponding to the given software component." Apple does not infringe Claim 1 of the '564 patent at least because the Accused Devices, Accused Instrumentalities, and Apple's APNs do not meet or embody at least the following limitations as used in the claimed inventions: "an inter-process software communication bus providing secure communication between an executing device link agent and respective executing processes for a plurality of software components, wherein providing secure communication comprises receiving access authorization information

1  from a secure server, and allowing access to the bus only for software components identified by the

2  access authorization information," "the device link agent, configured to maintain a secure message

3  link through the wireless network and an Internet network to a message link server, the message

4  link server operating a message service that receives messages over a network from a plurality of

5  network functions, receive secure messages from the message link server over the secure message

6  link, the received messages identified for delivery to multiple ones of the software components,"

7  and the device link agent, configured to "for software components identified by the access

8  authorization information, route messages identified for delivery to a given one of those software

9  components via the inter-process software communication bus to a software process corresponding

10  to the given software component."

11      75.     No third party infringes any claim of the '564 patent by using the Accused Devices,

12  Accused Instrumentalities, or Apple's APNs.  Apple has not caused, directed, requested, or

13  facilitated any such infringement, much less with specific intent to do so.  Apple had no knowledge

14  of the '564 patent, nor any knowledge of alleged infringement of the '564 patent by the Accused

15  Devices, Accused Instrumentalities, or Apple's APNs, before Headwater filed the Verizon -709

16  Case, the T-Mobile -710 Case, and the AT&T -711 Case.  For at least the reasons explained above,

17  the Accused Devices, Accused Instrumentalities, and Apple's APNs and the use of the Accused

18  Devices, Accused Instrumentalities, and Apple's APNs do not directly infringe the '564 patent.

19  Apple's Accused Devices, Accused Instrumentalities, and Apple's APNs are not designed for use

20  in any combination which infringes any claim of the '564 patent.  To the contrary, each has

21  substantial uses that do not infringe any claim of the '564 patent and are not accused by Headwater

22  of infringing the '564 patent.  For example, the Apple Accused Devices and Accused

23  Instrumentalities can be used for phone calls, texts, browsing the Internet, and streaming content.

24      76.     Thus, there exists an actual controversy between Apple and Headwater with respect

25  to Apple's alleged infringement of the '564 patent.  Accordingly, declaratory judgment is

26  appropriate and necessary to determine the parties' respective rights regarding the '564 patent.

27      77.     Apple seeks a judicial declaration that Apple does not directly or indirectly infringe

28  any claim of the '564 patent.

27

## **PRAYER FOR RELIEF**

WHEREFORE, Apple requests that judgment be entered:

A.      Declaring that judgment be entered in favor of Apple against Headwater on Apple's claims;

B.      Declaring that Apple does not infringe, directly or indirectly, the Patents-in-Suit, either literally or under the Doctrine of Equivalents;

C.      Declaring that Apple does not induce infringement of the Patents-in-Suit;

D.      Declaring that Apple does not contribute to infringement of the Patents-in-Suit;

E.      Finding that this is an exceptional case under 35 U.S.C. § 285;

F.      Awarding Apple its costs and attorneys' fees in connection with this action;

G.      Awarding Apple such further and additional relief as the Court deems just, equitable, and proper.

CASE NO.                                                                          APPLE'S COMPLAINT FOR DECLARATORY JUDGMENT

1

2      Dated: September 5, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*s/ John M. Desmarais*
John M. Desmarais (SBN # 320875)
**DESMARAIS LLP**
101 California Street, Suite 3000
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901
jdesmarais@desmaraisllp.com

29

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple respectfully demands a trial by jury on all issues triable jury.

DATED: September 5, 2025            DESMARAIS LLP


By:  *John M. Desmarais*
            John M. Desmarais
            *Attorney for Apple Inc.*

CASE NO.                                    APPLE'S COMPLAINT FOR DECLARATORY JUDGMENT